DENNIS R. BAGNERIS, SR., Judge.
| iThis is an appeal from a summary judgment rendered in favor of Louisiana *891 Citizens Property Insurance Corporation dismissing it as a defendant on the issue of insurance coverage. For the following reasons, we hereby reverse and remand the case for further proceedings.

Facts and Procedural History

On June 20, 2008, Eddie Survia and his wife, Ophelia Survia, filed suit against An-gies M. Colley, Soloman Colley, Jr., Solo-man Colley, Sr., and Nykeisha Weber, for damages as a result of a physical altercation that took place on June 28, 2007. In their petition, plaintiffs allege they sustained damages when defendants committed an unprovoked battery on them while in their driveway. Angies Colley responded to the petition with an answer generally denying the allegations of the petition and also brought a reconventional demand for damages against plaintiffs alleging that she “and her son, Soloman, Jr., were assaulted and then physically attacked by defendants-in-reconvention, Eddie Survia and Ophelia Survia, without provocation whatsoever.” On December 5, 2008, plaintiffs (defendants-in-reconvention) filed an answer to the reconventional demand generally denying the ^allegations in the re-conventional demand and pleading self-defense as an affirmative defense.
On June 25, 2009, plaintiffs amended their petition to include as a defendant Jonathan Fields. On April 15, 2010, plaintiffs filed a second amended and supplemental petition to include as a defendant Louisiana Citizens Property Insurance Corporation (Citizens), the liability insurer of Angies Colley. Jonathan Fields filed an answer denying the allegations made by the plaintiffs on April 21, 2010. Citizens answered the petition admitting it was the carrier of insurance for Angies Colley; however, it alleges that coverage is not afforded pursuant to the “Expected Or Intended Injury” exclusion in the policy. On June 25, 2010, Angies Colley filed an answer to the amended and supplemental petition for damages generally denying the allegations in plaintiffs’ petition and alleged various defenses, which included self-defense and comparative fault.
On June 80, 2011, Citizens filed a motion for summary judgment asserting that the policy of insurance does not provide coverage to the insured, Angies Colley, because it contains an exclusion for bodily injury which is expected or intended by an insured. In support of its motion for summary judgment, Citizens attached the following exhibits: (1) a copy of the insurance policy; (2) the deposition of Angies Colley; and (3) the deposition of Ophelia Suriva. On September 15, 2011, plaintiffs filed an opposition to the motion for summary judgment arguing that there are genuine issues of fact in dispute, especially since it is unclear among the parties who was involved in the altercation as well as how and where the incident occurred. Plaintiffs further argue that because the defendants were all living with Angies Colley at the time of the incident, they are included under the “insured” definition contained within the policy. Plaintiffs also Uargue that the policy does provide possible coverage under the application of use of reasonable force by the insured to protect themselves or their property. In support of their opposition to the motion for summary judgment, plaintiffs attached as exhibits: (1) Nykeisha Weber’s deposition; (2) An-gies Colley’s deposition; and (3) Ophelia Survia’s deposition.
A hearing on the motion for summary judgment was held on September 23, 2011; however, because plaintiffs failed to bring the trial court judge a copy of the opposition after filing the opposition with the Clerk of Court[1], the trial court granted *892 Citizens’ motion for summary judgment without oral argument from either side. Plaintiffs now appeal this final judgment. It is worth noting that the trial court judge filed a per curiam with this Court on January 11, 2012, stating that “[e]ven when the court does not allow counsel to argue, the court does consider the |4substance of the Opposition, the Memorandum in Support of Opposition, and any supporting evidence attached thereto.”

Standard of Review

Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id. La. C.C.P. art. 966(C)(2) provides that where, as in the instant case, the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an | ¡¡absence of factual support for one or *893 more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it -will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law.

Discussion

On appeal, plaintiffs argue that the trial court erred in granting Citizens’ motion for summary judgment because there are genuine issues of material fact in dispute that require a trial on the merits. Specifically, plaintiffs argue that (1) Citizens’ policy provides coverage not only to Angies Colley, but to all defendants since they were living with Angies at the time of the incident; and (2) Citizens does provide coverage under the policy for “bodily injury” resulting from the use of reasonable force by an “insured” to protect persons or property. We agree.
When interpreting an insurance contract, courts must attempt to discern the common intent of the insured and insurer with an analysis that begins with a review of the words of the insurance contract. La. C.C. art. 2045; Succession of Fannaly v. Lafayette Ins. Co., 2001-1355, p. 3 (La.1/15/02), 805 So.2d 1134, 1137. If an ambiguity remains after applying the general rules of contractual interpretation to an insurance contract, the ambiguous contractual provision is construed against the insurer who furnished the contract’s text and in favor of the insured. Id., p. 4, 805 So.2d at 1138; La. C.C. art. 2056. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability, and are entitled to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Benton Casing Service, Inc. v. Avemco Ins. Co., 379 So.2d 225, 227 (La.1979).
IfiThe policy of insurance issued by Citizens to Angies Colley provides in pertinent part:
5. “Insured” means:
a. You and residents of your household who are:
(1) Your relatives; or
(2) Other persons under the age of 21 and in the care of any person named above;
b. A student enrolled in school full time, as defined by the school, who was a resident of your household before moving out to attend-school, provided the student is under the age of:
(1) 24 and your relative; or
(2) 21 and in your care or the care of a person described in a.(l) above
E. Coverage E — Personal Liability And Coverage F — Medical Payment To Others
Coverages E and F do not apply to the following:
1. Expected or Intended Injury “Bodily injury” or “property damage” which is expected or intended by an “insured” even if the resulting “bodily injury” or “property damage”:
a. Is of a different kind, quality or degree than initially expected or intended; or
b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.
However, this Exclusion E.l. does not apply to “bodily injury” resulting from the use of reasonable force by an “insured” to protect persons or property.
17Rather than addressing the issue of who, other than Angies Colley, is insured under the policy, Citizens merely relies on the exclusion for bodily injury which is *894 expected or intended by an insured to deny coverage. Citizens argues that the depositions of Angies Colley and Soloman Colley, Jr. indicate that the two of them were prepared for an altercation when they stepped outdoors and that they intentionally entered into a fight with the plaintiffs. Therefore, Citizens reasons that the exclusion for bodily injury which is expected by an insured is applicable. We are not persuaded by Citizens’ argument. From reading the relevant clauses in the insurance contract, it is clear that intentional acts are not covered, unless they are performed to defend the person or property. The answer and reconventional demand filed by Angies Colley must be considered in deciding whether a material issue of fact remains to be decided by the trier of fact. Amgies Colley responded to the petition with an answer generally denying the allegations of the petition and also brought a reconventional demand for damages against plaintiffs alleging that she “and her son, Soloman, Jr., were assaulted and then physically attacked by defendants-in-reconvention, Eddie Survia and Ophelia Survia, without provocation whatsoever.” Amgies Colley also filed an answer to the amended petition whereby she alleged self-defense. These are factual issues material to the decision of whether the exclusionary clause is applicable. Therefore, we find a summary judgment releasing Citizens from the suit at this point is inappropriate, and the trial court erred in rendering judgment. We remand the matter to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED

. Rule 9.9. Memoranda Supporting or Opposing Exceptions and Motions.
*892 (a) When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.
(b) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
(c) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing. For example, if the hearing is set for Friday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Thursday.
(d) Parties who fail to comply with paragraphs (a) and (b) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side’s costs incurred on account of the untimeliness.
(e) Any party may, but need not, file a copy of the memorandum with the clerk of court. See Rule 9.4 and Appendix 9.4 to determine whether a particular judicial district requires that memoranda be filed with the clerk of court or sent directly to the presiding judge.